David **WILSON**, Plaintiff—Appellant,

v.

Paul **GALYON**, Defendant—Appellee.

No. 07–6124.

United States Court of Appeals,
Tenth Circuit.

Sept. 12, 2007.

David Wilson, Oklahoma City, OK, pro se.

---

Susan A. Knight, Stacey Haws Felkner, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Defendant–Appellee.

Before BRISCOE, McKAY, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT*

MONROE G. McKAY, Circuit Judge.

Following a one-day trial, a jury rejected Plaintiff's excessive force claims against Defendant. On appeal, Plaintiff contends that the district court erred by refusing to allow Plaintiff to present certain evidence to the jury.[1]

According to Plaintiff, the evidence he wished to introduce would have "point[ed] to [Defendant's] motive" for his alleged use of excessive force. (Appellant's Opening Br. at 2.) However, the Supreme Court has held that the issue of the reasonableness of law enforcement officers' use of force depends solely on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force...." *Id.* In light of *Graham*, and after reviewing the list of documents Plaintiff wished to introduce at trial, we conclude that the district court did not err in excluding this evidence.

After reviewing the parties' filings and the record on appeal, we see nothing erroneous in the district court's rulings in this case. Accordingly, the judgment of the district court is **AFFIRMED**. All pending motions are **DENIED**.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

1. In his opening brief, Plaintiff also stated that the district court "forced [him] into going to a Settlement Conference in which supercedes all pleadings." (Appellant's Opening Br. at 3.) In his reply brief, however, Plaintiff clarified that he was "not really protesting going to settlement conference," but that he was "protesting having to go to settlement conference to hear [the magistrate judge] dismiss my evidence (pleadings)." (Appellant's Reply Br. at 2). Thus, this contention also appears to relate to the court's evidentiary ruling. As discussed in the text, we conclude that there was nothing erroneous about this ruling.